UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

JOHNNY ANTHONY MEEKS, SR.,

            Plaintiff,

v.                                    Case No. 3:12-cv-124-J-12MCR

DAVID BRENDEN,

            Defendant.
_____

## ORDER OF DISMISSAL WITHOUT PREJUDICE

Plaintiff Johnny Anthony Meeks, Sr., an inmate of the Florida penal system, initiated this action by filing a <u>pro se</u> Civil Rights Complaint Form (Complaint) (Doc. #1) with exhibits (P. Ex.) on December 14, 2011, in the United States District Court for the Southern District of Florida. On February 3, 2012, the case was transferred to this Court for all further proceedings. In the Complaint, Plaintiff names David Braden,[1] a correctional officer at Columbia Correctional Institution, as the only Defendant and asserts that Officer Braden assaulted him on December 5, 2005.

---

[1] The correct spelling of Defendant's surname is "Braden." <u>See</u> P. Exs., Inmate Request to Investigator, dated September 30, 2006; Response, dated March 14, 2007.

Complaint at 7. Plaintiff claims that he suffers permanent nerve damage as a result of the alleged assault. As relief, he requests 2.55 million dollars.

The Prison Litigation Reform Act requires the Court to dismiss this case at any time if the Court determines that the action is frivolous, malicious, fails to state a claim upon which relief can be granted or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). Additionally, the Court must read Plaintiff's pro se allegations in a liberal fashion. Haines v. Kerner, 404 U.S. 519 (1972).

"A claim is frivolous if it is without arguable merit either in law or fact." Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir.) (citing Battle v. Central State Hospital, 898 F.2d 126, 129 (11th Cir. 1990)), cert. denied, 534 U.S. 1044 (2001). A complaint filed in forma pauperis which fails to state a claim under Fed.R.Civ.P. 12(b)(6) is not automatically frivolous. Neitzke v. Williams, 490 U.S. 319, 328 (1989). Section 1915(e)(2)(B)(i) dismissals should only be ordered when the legal theories are "indisputably meritless," id. at 327, or when the claims rely on factual allegations which are "clearly baseless." Denton v. Hernandez, 504 U.S. 25, 32 (1992). "Frivolous claims include claims 'describing fantastic or delusional scenarios, claims with which federal district judges are all too familiar.'" Bilal, 251 F.3d at 1349 (quoting Neitzke, 490 U.S. at 328). Additionally, a claim may be

dismissed as frivolous when it appears that a plaintiff has little or no chance of success. Bilal v. Driver, 251 F.3d at 1349.

"To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that (1) the defendant deprived him of a right secured under the United States Constitution or federal law and (2) such deprivation occurred under color of state law." Richardson v. Johnson, 598 F.3d 734, 737 (11th Cir. 2010) (per curiam) (citations omitted). Moreover, the Eleventh Circuit "'requires proof of an affirmative causal connection between the official's acts or omissions and the alleged constitutional deprivation' in § 1983 cases." Rodriguez v. Sec'y, Dep't of Corr., 508 F.3d 611, 625 (11th Cir. 2007) (quoting Zatler v. Wainwright, 802 F.2d 397, 401 (11th Cir. 1986)). More than conclusory and vague allegations are required to state a cause of action under 42 U.S.C. § 1983. See L.S.T., Inc., v. Crow, 49 F.3d 679, 684 (11th Cir. 1995) (per curiam); Fullman v. Graddick, 739 F.2d 553, 556-57 (11th Cir. 1984).

Thus, in the absence of a federal constitutional deprivation or violation of a federal right, Plaintiff cannot sustain a cause of action against the Defendant under section 1983. According to Plaintiff, Braden's alleged assault upon him occurred while Plaintiff was in diabetic shock. See P. Ex., Request for Administrative Remedy, dated December 19, 2006. In support of his claim, Plaintiff submitted the grievances and responses relating to

3

the alleged incident. In the grievances, which were initiated in 2006, Plaintiff stated that the alleged assault occurred on December 9, 2005, instead of December 5th. See P. Exs., Inmate Request to Investigator, dated September 30, 2006; Inmate Request to Assistant Warden, dated September 30, 2006; Inmate Request to Inspector General, dated October 17, 2006; Request for Administrative Remedy, dated December 19, 2006.

In response to Plaintiff's October 17, 2006 grievance sent to the Inspector General, the Department stated:

> Your allegation was reported to the office of the Inspector General[.] However, it was not assigned for investigation[.] Therefore, no investigation report exists. I find it hard to believe that you were "permanently injured from this incident" since your medical file documents your condition existed before the incident. Feel free to seek any relief you desire but remember that you admitted on tape that you have no idea what happened because you blanked out. (If you blank out while standing, due to gravity, you will probably end up on the floor).

P. Ex., Response, dated October 19, 2006. Moreover, on November 17, 2006, the Department responded to Plaintiff's Request for Administrative Remedy, stating in pertinent part: "The use of force occurred on 12/9/05 which is considered beyond the timeframe [sic]. However[,] records indicate the use of force report was approved with no discrepancies or injuries noted." P. Ex., Response, dated November 17, 2006. Finally, in response to a March 11, 2007 grievance, the Department stated in pertinent part:

> The use of force reported by Officer Braden on you on December 9, 2005 was approved, due to a physical resistance to a lawful command. You had no injury at the time. Your allegation was reported to the Inspector General. It was reviewed, but not assigned for investigation. This took place over a year ago and has been approved. DOC [and] the State Attorney will not prosecute approved force.

P. Ex., Response to Inmate Request, dated March 14, 2007.

The Court is convinced, upon review of the Complaint and exhibits, that it is frivolous as it appears that the Plaintiff has little or no chance of success on a claim of federal constitutional deprivation since the action is barred by the statute of limitations. The alleged assault occurred on December 9, 2005, and Plaintiff had grieved the issues relating to the alleged assault and resulting permanent injury through the prison's administrative grievance process in 2006 and early 2007. Plaintiff's grievances reflect that he knew the identity of Officer Braden and was aware of his alleged injury. See P. Exs., Inmate Request, dated September 30, 2006.

Although 42 U.S.C. § 1983 does not have a statute of limitations provision, the courts look to the limitation periods prescribed by the state in which the litigation arose. In all § 1983 actions, the state limitations statute governing personal injury claims should be applied. See Wilson v. Garcia, 471 U.S. 261, 276-79 (1985); Mullinax v. McElhenney, 817 F.2d 711, 716 n.2 (11th Cir. 1987). Thus, under Wilson, the proper limitations

period for all § 1983 actions in Florida is the four-year limitations period set forth in Florida Statutes section 95.11(3). In sum, the appropriate limitations period for Plaintiff's federal constitutional claims is four years:

> The applicable statute of limitations in a § 1983 lawsuit is the four-year Florida state statute of limitations for personal injuries. See Wilson v. Garcia, 471 U.S. 261, 276, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985) (stating that state statutes of limitations for personal injuries govern § 1983); Baker v. Gulf & Wester Industries, Inc., 850 F.2d 1480, 1482 (11th Cir. 1988) (stating that Fla. Stat. Ann. § 95.11(3) provides for a four-year limitations period for personal injuries).

Omar ex. re. Cannon v. Lindsey, 334 F.3d 1246, 1251 (11th Cir. 2003) (per curiam).

As stated above, Plaintiff's Complaint concerns events that allegedly occurred on December 9, 2005. Plaintiff's action is barred by the statute of limitations and is due to be dismissed as frivolous. See Clark v. State of Ga. Pardons & Paroles Bd., 915 F.2d 636, 640 n.2 (11th Cir. 1990) ("The expiration of the statute of limitations is an affirmative defense the existence of which warrants a dismissal as frivolous.").

Therefore, this case will be dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B).

Accordingly, it is now

**ORDERED AND ADJUDGED:**

1. This case is **DISMISSED WITHOUT PREJUDICE as frivolous**.

2. The **Clerk of the Court** shall enter judgment dismissing this case without prejudice.

3. The Clerk shall terminate any pending motions.

4. The Clerk of the Court shall close this case.

**DONE AND ORDERED** at Jacksonville, Florida, this 29TH day of February, 2012.

                                                        *Howell W. Melton*
                                        UNITED STATES DISTRICT JUDGE

sc 2/17
c:
Johnny Anthony Meeks, Sr.